**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEANGELO HENRY YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-00764-MTS |
| | ) | |
| OFFICER ROSE GILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff DeAngelo Young's ("Plaintiff") Application to Proceed in District Court Without Prepayment of the Filing Fee, Doc. [6], and Motion for Appointment of Counsel, Doc. [3]. At this time, the Court also exercises its initial review under 28 U.S.C. § 1915A(b)(1). For the reasons stated herein, the Court will dismiss some of Plaintiff's claims for failure to state a claim, grant Plaintiff's Application to Proceed Without Prepayment, and deny Plaintiff's Motion for Appointment of Counsel.

## I. Alleged Factual Background

The Court summarizes the facts in this case in the light most favorable to Plaintiff. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984).

On the night of June 28, 2023, Country Club Hills police officer Rose Gill responded to a call from the home of Plaintiff DeAngelo Young. Doc. [1] at 2, 6. Upon arriving at the home, Plaintiff answered the door, and immediately afterwards A. Crimm, the mother of Plaintiff's child, attacked Plaintiff from inside. *Id.* at 6. Gill drew her weapon and pointed it at Plaintiff, leaving him motionless. *Id.* Meanwhile, Crimm grabbed a fork from the kitchen and began stabbing Plaintiff repeatedly; Gill not only did not intervene but laughed while still brandishing the gun. *Id.* Plaintiff did not move out of fear of being shot by Gill. *Id.* ("I was

frozen in fear looking down the chamber of that gun while she stood laughing."). When Plaintiff finally did flee the house, Crimm began throwing Plaintiff's possessions into the yard; Gill not only permitted this but encouraged it, telling Crimm, "It's OK" and "girl you don't need him get another man." *Id.*

After a second officer, Velda City officer Michael Cox, arrived at the house, Cox charged Plaintiff with assault and ordered him to leave the scene. *Id.* at 3, 7. Plaintiff initially tried to walk away, but Cox allegedly "forced" Plaintiff to drive his car, despite Plaintiff warning Cox that the car was "mechanically inoperable." *Id.* at 7. Upon driving away, Plaintiff crashed the car, killing two people. *Id.* *See also State v. DeAngelo H. Young*, 23SL-CR04971-01 (21st Cir. Mo. Sep. 9, 2026).

Following the events of June 28, the State charged Plaintiff with two counts of involuntary manslaughter and one count of leaving the scene of a crime; Plaintiff entered an *Alford*[*] plea to all three charges on September 9, 2026. *Id.* The Circuit Court of St. Louis County sentenced Plaintiff to ten years in prison. *Id.* Plaintiff now brings this action against Officers Gill and Cox for their actions on the night of June 28. Doc. [1].

## II. Legal Standard

### A. Frivolity Review

Under 28 U.S.C. § 1915A(b)(1), the Court must dismiss a civil complaint filed by a prisoner against a governmental officer or entity if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a pro se prisoner under 28 U.S.C. § 1915A, the Court accepts the well-pleaded facts as true, *White*, 750 F.2d at 722, and

[*] *See North Carolina v. Alford*, 400 U.S. 25, 26 (1970).

it liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

B. Application to Proceed Without Prepayment of the Filing Fee.

Congress requires federal courts to impose a filing fee on plaintiffs, but Courts may waive the fee for individuals who are unable to pay. 28 U.S.C. §§ 1914, 1915(a)(1). Prisoner litigants must still pay the filing fee in full, but federal law allows them to pay the fee in installments. *Id.* § 1915(b)(1); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

C. Motion to Appoint Counsel

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (internal citation omitted).

Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips*, 437 F.3d at 794.

**III. Discussion**

Plaintiff's Complaint does not state a legal theory for his claims; however, this is not necessary under the Federal Rules. *See Allen v. Semi Trucking*, 4:23-cv-0639-MTS, 2025 WL 3687386 at *1 (E.D. Mo. Dec. 19, 2025) (citing *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014)). Moreover, this Court is obligated to liberally construe pro se pleadings. *Pack v. City of St. Charles*, 4:25-cv-0911-MTS, 2026 WL 1382312 at *1 (E.D. Mo. May 18, 2026) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). From this Court's review of the Complaint, Plaintiff appears to plead claims under 42 U.S.C. § 1983 against Officers Gill and Cox, in their individual and official capacities, as well as a state law assault claim against Gill. After conducting initial review, this Court finds that Plaintiff successfully states an individual capacity claim under § 1983 and assault claim as to Officer Gill but does not state any claim against Officer Cox. Therefore, this claim warrants dismissal in part. 28 U.S.C. § 1915A(b)(1).

A. Official Capacity Claims

Plaintiff sues both Officers Gill and Cox in their individual and official capacities. Doc. [1] at 2–3. An action brought against a government official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office.

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's official-capacity claims against Gill and Cox must be treated as claims against the governmental entities which employ them, Country Club Hills and Velda City, respectively. Doc. [1] at 2–3.

A municipality can be liable under Section 1983, but only based on "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Here, however, Plaintiff makes no assertions against Country Club Hills or Velda City, and definitely makes no allegations that could be construed as a *Monell* claim. *See Monell*, 436 U.S. at 691. There are no facts that show a constitutional violation by either municipality resulting from any policy, custom, or deliberately indifferent failure to train or supervise. As such, Plaintiff's official capacity claims against Officers Gill and Cox fail to state a claim and must be dismissed under 28 U.S.C. § 1915A(b)(1).

B. Section 1983 individual capacity claim against Officer Gill

Section 1983 allows a plaintiff to bring an "action at law" against any "person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." In this case, the relevant constitutional provision at issue is the Fourth Amendment.

The Fourth Amendment to the Constitution protects against excessive force by police officers. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). Excessive force is not confined to physical touch. It may include brandishing a firearm. *Wilson v. Lamp*, 901 F.3d 981, 990 (8th Cir. 2018) (finding that "the continuous drawing and pointing of weapons constitutes excessive-force"). When determining whether force is excessive, courts balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the

countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)) (internal quotations omitted). In cases involving brandishing of a firearm, courts in the Eighth Circuit focus on how long the officer brandishes the firearm, and whether "police had taken control of the situation." *Clark v. Clark*, 926 F.3d 972, 979 (8th Cir. 2019).

Here, according to Plaintiff's allegations, Officer Gill responded to an attempted assault on Plaintiff by pointing her gun at Plaintiff, the victim. Doc. [1] at 6. Gill continued to brandish her firearm at Plaintiff even as Crimm continued to stab Plaintiff. *Id.* Weighing these facts under the *Graham* factors, this Court finds that Plaintiff states a claim under § 1983 for violation of his Fourth Amendment rights.

C. Common law assault claim against Officer Gill

Plaintiff's Complaint also states a claim against Officer Gill for state law assault, which this Court can hear pursuant to its supplemental jurisdiction. 28 U.S.C. § 1367(a).

Under Missouri law, a claim for assault has three elements: "(1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent, and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct." *Pierce v. Pemiscot Mem'l Health Sys.*, 25 F. Supp. 3d 1198, 1211 (E.D. Mo. 2014) (quoting *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. banc 2011)).

Here, the conduct in question is Officer Gill's brandishing of a firearm at Plaintiff. Doc. [1] at 6. Plaintiff states in his Complaint that he "was frozen in fear looking down the chamber of that gun while she stood laughing," establishing apprehension. *Id.* Therefore, the only remaining element is intent on the part of Officer Gill.

Plaintiff never states in his Complaint that Officer Gill intended to shoot him. Moreover, Plaintiff never explicitly states that Gill intended to place Plaintiff in apprehension of being shot. However, this Court can reasonably infer from these alleged facts that Gill had such an intent. Other courts in this Circuit have made similar inferences. *See Lyons-Belisle v. Am. Wholesale Florists of Kan. City, Inc.*, 4:16-cv-0764-FJG, 2016 WL 443186 at *2 (W.D. Mo. Aug. 19, 2016). For example, in *Lyons-Belisle*, a plaintiff claimed that a defendant intentionally aimed a gun at the plaintiff's head, and from those facts the court "reasonabl[y] infer[red] . . . inten[t] to cause bodily harm or the apprehension of same." *Id.* This Court will make the same inference here.

The alleged facts establish a prima facie case of assault, and do not support a defense of official immunity on Officer Gill's part. In Missouri, "[p]ublic officers acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity." *State ex rel. Hill v. Baldridge*, 186 S.W.3d 258, 259 (Mo. banc 2006). A ministerial function is "one of a clerical nature that a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Id.* at 259–60. Even if an act is discretionary, however, official immunity does not apply if the officer performed the act "in bad faith or with malice." *Thompson v. Dill*, 930 F.3d 1008, 1015 (8th Cir. 2019) (citing *Conway v. St. Louis County*, 254 S.W.3d 159, 165 (Mo. Ct. App. 2008)). To act with malice, "the officer must do that which a man of reasonable intelligence would know to be contrary to his duty and intend such action to be injurious to another." *Id.* (quoting *Conway*, 254 S.W.3d at 165).

Here, interacting with a suspect is generally considered discretionary, including when an officer "draws [] a weapon." *Id.* (quoting *Seiner v. Drenon*, 304 F.3d 810, 813 (8th Cir. 2002)). However, Plaintiff alleges sufficient facts to plausibly plead malice on the part of Officer Gill. According to Plaintiff's Complaint, Gill not only held him at gunpoint but also laughed and shouted encouraging comments as Crimm stabbed Plaintiff multiple times with a fork and threw his possessions into the yard. Doc. [1] at 6. These facts, if true, establish that Gill disregarded her duty and intended for Plaintiff to be injured. Therefore, the Complaint overcomes official immunity.

D. Section 1983 individual capacity claim against Officer Cox

Plaintiff also claims in his Complaint that Officer Cox, after charging Plaintiff with assault, forced Plaintiff to leave the scene using a vehicle that was "mechanically inoperable." Doc. [1] at 7. Plaintiff, while driving this vehicle, caused a crash. *Id.* First, the Court sees no claims based on these alleged facts. In any event, this Court need not substantively entertain this claim because it is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Under *Heck*, "in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

Here, Plaintiff seeks damages against Officer Cox as his sole remedy for the constitutional violations against him. Doc. [1] at 4. Moreover, the crash Plaintiff describes as caused by Cox's order was the subject of a state criminal proceeding for which Plaintiff is now incarcerated, having entered an *Alford* plea. *State v. DeAngelo H. Young*, 23SL-CR04971-01 (21st Cir. Mo. Sep. 9, 2026). Plaintiff's claim against Cox seeks to render Plaintiff's conviction

invalid, as Plaintiff states in the Complaint that Cox "forced me to drive the car. I followed his orders, and a crash ensued, in which I MUST SAY IM [sic] INNOCENT AND NOT AT FAULT." Doc. [1] at 7. Therefore, under *Heck*, Plaintiff cannot proceed unless his convictions were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Plaintiff has not pleaded any of these facts. Therefore, Plaintiff's allegations against Cox do not state a claim and, in any event, do not state a claim that would survive under *Heck*.

E. Application to Proceed Without Prepayment of the Filing Fee

Since this Court finds that Plaintiff states at least some claims, the Court must now determine whether Plaintiff is entitled to proceed without prepaying the filing fee. Upon review of his Application, Doc. [6], as well as Plaintiff's certified inmate account statement, the Court will grant the motion and assess an initial partial filing fee of one dollar ($1.00). *See* 28 U.S.C. § 1915(b)(1); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam) (explaining that prisoner-litigants must "pay the filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Plaintiff must pay his initial partial filing fee to the Court no later than **Wednesday**, **November 18, 2026**. The failure to do so may result in the dismissal of this action without further notice.

F. Motion for Appointment of Counsel

The Court also now considers Plaintiff's Motion for Appointment of Counsel. As previously stated, when determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant

to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips*, 437 F.3d at 794.

After reviewing these factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, the request for counsel is hasty, as Defendant Gill has not been served, and the Court has not yet issued any Case Management Order. The Court will entertain future motions for appointment of counsel if the case progression warrants it.

**IV. Conclusion**

This Court finds that Plaintiff DeAngelo Young states claims for violation of his Fourth Amendment rights under § 1983 and common law assault against Defendant Officer Rose Gill. However, Plaintiff does not state a claim against Officer Cox. Therefore, the Court will dismiss this case against Cox but allow the case to continue against Gill.

Plaintiff has not supplied this Court with an address for Officer Gill. Even when the Court is obligated to serve defendants, *see* Fed. R. Civ. P. 4(c)(3), it is a plaintiff's "responsibility to provide proper addresses for service." *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam); *accord Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (joined by Gorsuch, J.). Therefore, before service on Defendant Gill can issue, Plaintiff must supply this Court with an address at which to serve her.

Additionally, this Court will grant Plaintiff's Application to Proceed without Prepayment of the Filing Fee but deny his Motion for Appointment of Counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint, Doc. [1], is **DISMISSED** as to Defendant Officer Michael Cox and all official capacity claims against Defendant Officer Rose Gill.

**IT IS FURTHER ORDERED** that Plaintiff DeAngelo Young shall supply this Court with an address for service of Defendant Rose Gill no later than **Wednesday**, **November 18, 2026**. **Failure to do so will result in the dismissal of this action without further notice**.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [6], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of one dollar ($1.00) no later than **Wednesday**, **November 18, 2026**. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding. **Failure to do so could result in the dismissal of this action without further notice.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED**.

Dated this 19th day of October 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE